**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOSEPH KOPACZ, #R43439, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-01298-RJD |
| | ) | |
| C/O BETHEL, | ) | |
| C/O ROCK, | ) | |
| C/O MIRACLE, and | ) | |
| DR. DEBORD, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**DALY, Magistrate Judge:**

Plaintiff Joseph Kopacz, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he was imprisoned at Pinckneyville Correctional Center. (Doc. 8). He claims defendants failed to protect him from a known dangerous cellmate who attacked him. Plaintiff seeks monetary damages and injunctive relief. *Id.*

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 7), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

**The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint (Doc. 8):  A couple months prior to July 25, 2022, Defendant C/O Bethel told plaintiff he planned to house inmate Basse in the same cell as Plaintiff. (Doc. 8, p. 2). Bethel knew that Basse was aggressive, had disciplinary problems, and was likely to physically attack Plaintiff, but Bethel still requested the placement coordinator to place Basse with Plaintiff. Plaintiff had no knowledge of Basse's disciplinary history.

Basse moved into Plaintiff's cell and told Plaintiff that he is seriously mentally ill but was not receiving his prescribed medication. He soon began to "exhibit aggressive tendencies" toward Plaintiff, placing him in fear of a physical attack. (Doc. 1, p. 3).

In early June of 2022, Plaintiff had a mental health appointment with Defendant Dr. Debord and asked her to put Basse back on his medications to protect Plaintiff's safety. Dr. Debord told Plaintiff she would ensure Basse would be medicated. However, Dr. Debord never followed up to provide Basse's medication.

On or about June 21, 2022, Plaintiff told Defendant C/O Rock that Basse was exhibiting aggressive tendencies toward Plaintiff and he feared for his safety. On or about June 23, 2022, Plaintiff relayed the same information to Defendant Lt. Miracle. Rock and Miracle ignored Plaintiff's concerns.

On or about July 25, 2022, Basse attempted to choke and kill Plaintiff. The cell lacked emergency buttons to alert staff, and Plaintiff was injured in the attack.

 Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

Count 1:    Eighth Amendment failure to protect claim against Bethel, Dr. Debord, Rock, and Miracle for taking no action to protect Plaintiff

2

from cellmate Basse's July 25, 2022 attack.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

### Discussion

### Count 1

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To state an Eighth Amendment claim for failure to protect, a plaintiff must plead facts suggesting he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. Typically, the plaintiff must show that he complained to prison officials about a specific and credible danger to his safety. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff may proceed with the failure to protect claim in Count 1 against Rock and Miracle. He sufficiently alleges he complained to both officers about Basse's aggressiveness and his fear for his safety, yet neither took action to protect Plaintiff.

However, Plaintiff's allegations do not support a constitutional claim against Bethel. Plaintiff does not claim to have asked Bethel for protection before the attack occurred. While he alleges Bethel knew about Basse's dangerous nature before placing Basse in Plaintiff's cell, this suggests only negligence on Bethel's part. Negligent acts do not amount to deliberate indifference under the Eighth Amendment or implicate the Fourteenth Amendment's Due Process Clause. *See*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

*Daniels v. Williams*, 474 U.S. 327, 328 (1986). Bethel will be dismissed from Count 1 and from the action, for failure to state a claim upon which relief may be granted.

Plaintiff's allegations against Dr. Debord similarly fail to state a viable claim. Plaintiff does not allege that he asked Dr. Debord to help him to be separated from Basse for his safety. Instead, Plaintiff claims he asked Dr. Debord to medicate Basse for his alleged serious mental illness. Plaintiff does not claim to have medical training and has no constitutional right to request another individual to be medicated. Additionally, whether the medications would have prevented Basse from attacking Plaintiff is mere speculation. Dr. Debord's alleged failure to follow through on her commitment to Plaintiff that she would put Basse back on his medications may constitute negligence, but does not amount to unconstitutional deliberate indifference to Plaintiff's safety. Dr. Debord will also be dismissed from the case.

Count 1 will proceed only against Defendants Rock and Miracle.

### Disposition

The Complaint states colorable claims in Count 1 against C/O Rock and C/O Miracle. C/O Bethel and Dr. Debord are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for C/O Rock and C/O Miracle: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  December 4, 2025**

> *s/ Reona J. Daly*
> **REONA J. DALY**
> **United States Magistrate Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.